UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)

---

| | |
|---|---|
| ANN C. SEPULVEDA,<br>        Plaintiff, | CASE NO. 1:24-cv-05237-ENV-JRC |
| vs. | **ANN C. SEPULVEDA'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |
| EXPERIAN d/b/a EXPERIAN HOLDINGS INC.,<br>        Defendant. | |

---

Ann C. Sepulveda, ("Plaintiff"), by counsel, tenders the following Interrogatories to Defendant, pursuant to Rule 33 of the Federal Rules of Civil Procedure. You are required to answer these Interrogatories fully and without evasion, under oath and within thirty (30) days of service. The following are deemed to be continuing Interrogatories, and therefore, if you, at any time, receive information which renders your answers to these Interrogatories incomplete, inaccurate or in any way misleading, you are required to supplement those answers accordingly.

**Definitions and Instructions**

1. If you object to any portion of an Interrogatory on the grounds that it seeks privileged information, identify all persons to whom this information has been communicated, the general nature of such information, the nature of the privilege asserted and the dates of any communications or documents for which the privilege is asserted.

2. "**Plaintiff**," is defined as **Ann C. Sepulveda** and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

3. "**Defendant**" or "**Experian**" means Experian d/b/a Experian Holdings, Inc. and its attorney(s) of record, its parents, subsidiaries, any entity with which it is affiliated or any of its

present or former administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

4. **"Possession, custody or control"** means any documents that Plaintiff can direct anyone to produce, including but not limited to its attorneys or other agents.

5. **"And"** means and/or and **"or"** means and/or.

6. **"Relate to"** and **"relating to"** mean having any possible connection within the broadest sense of those terms.

7. **"Document"** means any tangible object or electronic data in any format whatsoever from which intelligence can be perceived.

8. **"State,"** **"identify"** and **"detail"** mean to describe fully and with specificity each and every item of information and reasoning which explains the answer to be given including, but not limited to, identification of all documents and persons relating to or referring thereto; and identification of all communications and dates on the subject; and a statement of the dates and substance of all acts or events relating in any way to the subject matter of the Interrogatory.

9. **"Knowledge"** means and includes both firsthand information and information derived from any other source.

10. All terms in these Interrogatories are to be defined in the broadest sense to include and require rather than limit the answers sought.

11. When there is a request for the identity of a person, please state his or her: (a) name; (b) title or position; (c) present or last known business and home address; and (d) present or last known employer.

12. **IF YOU OBJECT TO ANY INTERROGATORY, PROVIDE ALL INFORMATION RESPONSIVE TO THE UNOBJECTED OR LIMITED PORTIONS AND IDENTIFY THE LIMITATION.**

### Interrogatories

1. Identify the person answering these Interrogatories, all persons who assisted in the preparation of the answers, and state how each person participated in the preparation of the answers and identify their Social Security numbers.

**ANSWER**:

2. State the full name (complete first name, middle name, and last name) of the person or persons who received, reviewed, and responded to the Plaintiff's dispute , nicknames, former names, and/or aliases which you have used and the periods during which each name was used, social security number (and, if more than one, state when each social security number was obtained and used), date of birth, and every address you have used since you were eighteen (18) years of age, including your present address, and the dates you used each address.

**ANSWER**:

3. State the office\ address where the dispute was received, transferred to and responded from.

**ANSWER**:

4. State the name, address and telephone number of every person or entity with which was involved in the review process and the decision process. Identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER**:

5. With respect to the review and decision process state whether the response sent by the Defendant was an auto generated reply and if there was no human review and no human process involved.

**ANSWER**:

6. Identify the written procedures and guidelines that Experian used to determine whether a dispute letter is from the Plaintiff, the name of such documents and the training procedure employees of Experian undergo, where they undergo such training, and who is the

**ANSWER**:

7. State the number of the same response letters that the Plaintiff received, that Experian has sent in the last five years to all Consumers disputing tradelines.

**ANSWER**:

8. Identify all communications (written and oral) between Experian employees agents (or anyone acting on your behalf) involved in reviewing, advising, and the decision process, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER**:

9.      Identify all communications (written and oral) between Defendant (or anyone acting on your behalf) and any furnisher of information to Experian or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER**:

10.     Identify any communication, internal or external to your organization, relating to the Plaintiff's dispute letter to Experian dated May 3, 2024 regarding the following accounts: JEFFERSON CAPITAL SYSTEM ACCT#: 379806XXXX and CHRYSLER CAPITAL ACCT#: 300002XXXXXXXXXXX. Please identify the complete factual and legal basis for such claims including, but not limited to:  (a) a description of each alleged act and/or omission by Experian or any other person or entity which you contend supports your claim for punitive damages; (b) the date each such act and/or omission occurred; (c) any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim; (d) any person or entity that contributed to or caused such violations; and (e) identify all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER**:

11. Identify each section and subsection of 15 U.S.C. § 1681, et seq., or other law that Experian or any other person or entity violated in this matter, is required to respond.

**ANSWER**:

12. Identify any other information in your possession, custody or control relating to any of the defenses in this matter or upon which you could base an assertion of defense concerning any of the allegations of the Complaint, identify all persons with knowledge of the facts which relate thereto, and state the details of their knowledge and their expected testimony, if any.

**ANSWER**:

13. State whether any claims or legal proceedings have been made by or against Experian in the last ten years, especially concerning the failure to respond with 30 days to a dispute, and the response and that alleges consumers did not send the dispute letters.

**ANSWER**:

14. State the dates Experian first and later obtained legal knowledge or advice relating to the Defendant's failure to respond within 30 days, and the Defendant's claim that consumers did not send the dispute letters, including but not limited to the dates of your first and later contacts with an attorney prior to filing suit and the name, address, and telephone number of that attorney.

**ANSWER**:

17. State whether the Defendant to this case or any person employed by the Defendant, or identified by any person or entity as having knowledge of relevant facts or discoverable information have ever been involved in criminal activity or investigated, arrested, charged or convicted of a crime, and detail all facts relating to it.

**ANSWER**:

Dated: December 30, 2024
      New York, New York

                                          Sincerely,

*Pablo Bustos*
_____
Pablo E. Bustos, Esq.
Counsel for Plaintiff
Bustos & Associates, P.C.
70 West 40th Street, 8th Floor
New York, New York 10018
pbustos@bustosassociates.com

**I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING RESPONSES ARE TRUE TO THE BEST OF MY KNOWLEDGE.**

_____
Signature

_____
Printed Name

_____
Date

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties via courier service (i.e. Fedex) on the 30th day of December, 2024, properly addressed as follows:

| | |
|---|---|
| Christopher Zepf, Esq.<br>Jones Day, Attorneys for Experian<br>250 Vesey Street<br>New York, NY 10281<br>czepf@jonesday.com | |